UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAALTIE CANDICE BARLETTA                          CIVIL ACTION

VERSUS                                             NO. 17-654-SDD-EWD

HUDSON INSURANCE COMPANY, ET AL.

## NOTICE AND ORDER

On September 19, 2017, Roger Isley, Hudson Insurance Company ("Hudson"), and Daseke Lone Star Inc. ("Daseke") filed a Notice of Removal.[1] Therein, Isley, Hudson and Daseke assert that Daseke was "incorrectly named as Lone Star Transportation, LLC" in the Petition for Damages filed by plaintiff, Maaltie Candice Barletta.[2] No additional information is provided regarding Daseke in the Notice of Removal. However, Isley, Hudson and Daseke assert that this Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[3]

Despite the assertion by Isley, Hudson and Daseke that Daseke was "incorrectly named as Lone Star Transportation, LLC" in Plaintiff's original Petition, 28 U.S.C. § 1441(a) provides that, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis

---

[1] R. Doc. 1.
[2] R. Doc. 1 at p. 1; *See,* R. Doc. 1-1
[3] R. Doc. 1 at ¶ XIII.

added). In an unpublished opinion, the Fifth Circuit has stated that, "Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)). The *De Jongh* court further explained that, "In *Salazar*, we held, under facts nearly identical to those here, that a district court cannot 'create removal jurisdiction based on diversity by substituting parties.'" *De Jongh*, 555 F. App'x at 438 (citing *Salazar*, 455 F.3d at 573). However, other courts in this Circuit have distinguished situations in which a removing party is merely misnamed (i.e., all parties agree that the removing party is the proper defendant) and the court "would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *Lefort v. Entergy Corp.*, 2015 WL 4937906, at *3 (Aug. 18, 2015).

Here, Plaintiff's Petition for Damages alleges the following:

> 4.
>
> At all pertinent times herein, **ROGER ISLEY** was acting within the course and scope of his employment with the owner of the tractor/trailer he was operating, **LONE STAR TRANSPORTATION, LLC,** thereby rendering **LONE STAR TRANSPORTATION, LLC** vicariously liable for the fault of its employee, **ROGER ISLEY,** pursuant to the doctrine of *respondeat superior*.
>
> 5.
>
> At the time of the accident sued on, there was in full force and effect one or more policies of liability insurance issued by defendant, **HUDSON INSURANCE COMPANY**, affording coverage for liability of the nature asserted herein to the benefit of plaintiff, **MAALTIE CANDICE BARLETTA**, entitling her to maintain this Direct Action against said insurer and rendering said insurer solidarily liable with its insureds, **ROGER ISLEY** and **LONE STAR TRANSPORTATION, LLC.**[4]

---

[4] R. Doc. 1-1 at ¶¶ 4-5.

Based on the allegations set forth in Plaintiff's Petition for Damages, it appears that Plaintiff intended to name Roger Isley's employer as a defendant. Plaintiff has not contested the assertion that Daseke was incorrectly named in the Petition for Damages.

With respect to subject matter jurisdiction, the Notice of Removal alleges that Plaintiff is a citizen of Louisiana,[5] Daseke is a Delaware corporation with its principal place of business in Texas,[6] and Isley is a citizen of Texas.[7] The Notice of Removal contains no allegation of citizenship with respect to Lone Star Transportation, LLC. To the extent that Lone Star Transportation, LLC is also diverse from Plaintiff, the question of which party is the proper employer defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (*i.e.*, the *de facto* substitution of Daseke in the place of Lone Star Transportation, LLC – to the extent that such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).

Accordingly,

**IT IS HEREBY ORDERED** that within fourteen (14) days of the date of this Notice and Order, Roger Isley and Hudson Insurance Company shall file a Notice of Citizenship setting forth the citizenship particulars of Lone Star Transportation, LLC.

Signed in Baton Rouge, Louisiana, on September 22, 2017.

          **ERIN WILDER-DOOMES**
          **UNITED STATES MAGISTRATE JUDGE**

---

[5] R. Doc. 1 at ¶ II.
[6] R. Doc. 1 at ¶ III.
[7] R. Doc. 1 at ¶ IV.